```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
JOSIAH MCTIER,                     :
                                   :
          Petitioner,              :   Civ. No. 20-16555 (NLH)
                                   :
     v.                            :   OPINION
                                   :
DAVID ORTIZ,                       :
                                   :
          Respondent.              :
_____:
```

APPEARANCES:

Josiah McTier
73061-053
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Elizabeth Pascal, Assistant United States Attorney
Office Of The U.S. Attorney
District Of New Jersey
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    Attorneys for Respondent

HILLMAN, District Judge

    Petitioner Josiah McTier, a convicted and sentenced federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to apply earned time credits ("ETC") to his sentence.  ECF No. 1.  Respondent asserts the petition should be dismissed as

unexhausted or, in the alternative, because Petitioner is not eligible to earn the credits. ECF No. 8. For the reasons that follow, the Court will dismiss the petition as unexhausted.

I.  BACKGROUND

Petitioner pled guilty to attempted assault in aid of racketeering, 18 U.S.C. § 1959(a)(6), and threatening a crime of violence in aid of racketeering, 18 U.S.C. § 1959(a)(4). Judgment of Conviction, United States v. McTier, No. 1:05-cr-00401 (E.D.N.Y. Aug. 9, 2007) (ECF No. 180). The trial court sentenced him to a total of 96 months followed by a three-year period of supervised release. Id. Respondent indicates Petitioner's projected release date is June 23, 2022. ECF No. 8 at 5.

On November 3, 2020, Petitioner filed an inmate request to staff stating: "I am interested in knowing my current Earned Time Credit, dating back to December 21, 2018 to the Present.(?)" ECF No. 1-1 at 7 (punctuation in original). His case manager responded: "Earned time credits under the [First Step Act] will be awarded by Jan 2022." Id. Petitioner submitted this petition on November 12, 2020. ECF No. 1 at 8.

Petitioner argues that he is entitled to First Step Act ("FSA") earned time credit under 18 U.S.C. § 3682 and Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020). Respondent asserts the petition should be dismissed for failure

2

to exhaust or on the merits because Petitioner is not otherwise entitled to the time credits.  ECF No. 8.

II.  STANDARD OF REVIEW

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  The Court has jurisdiction over the Petition and venue is proper in this District pursuant to 28 U.S.C. § 2241 because Petitioner challenges the execution of his federal sentence and is confined in this District.  Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).

III. ANALYSIS

"Congress enacted the First Step Act on December 21, 2018. The Act required the Attorney General to establish a 'risk and needs assessment system' that, among other things, would offer 'evidence-based recidivism reduction programs or productive activities' to prisoners.'" Depoister, v. Warden B. Birkholz, No. 21-CV-684, 2021 WL 3492295, at *2 (D. Minn. Aug. 9, 2021) (quoting 18 U.S.C. § 3632(a)).  "Eligible prisoners who successfully participate in this programming can earn certain rewards, including time credits to 'be applied toward time in prerelease custody or supervised release.'"  Id. (quoting 18 U.S.C. § 3632(d)(4)(A),(C)).

3

"Petitioner would like the Court to mandate Fort Dix FCI and the BOP in general to award Earned Time Credits under the First Step Act to him effective immediately. Dating back to 12-21-18 to Present." ECF No. 1 at 7. He asserts that he is owed 360 days of ETC credits and is entitled to immediate release. ECF No. 1-1 at 5.

In addition to objecting on the merits of the petition, Respondent argues the petition should be dismissed because Petitioner did not exhaust the BOP's administrative remedy system. "Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). "We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Petitioner candidly admits he did not file a formal

request for the application of ETC and argues that the futility exception applies.  ECF No. 1-1 at 2 (citing Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020)).

Petitioner's case is distinguishable from Goodman.  There, the parties agreed that Goodman had successfully participated in qualifying programming activities and would be entitled to 120 days of credit under the FSA.  Goodman, No. 20-7582, 2020 WL 5015613, at *2.  The only dispute before the Court, aside from exhaustion, was whether the ETC had to be applied before January 15, 2022.  Id.  The Honorable Renée Marie Bumb, D.N.J., concluded that exhaustion excused because the case "present[ed] a narrow dispute of statutory construction which is exempt from the exhaustion requirement."  Id. at *3 (citing Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016)).  Judge Bumb further concluded "because the Court finds habeas relief should be granted, exhaustion is excused."  Id. (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998)).

Here, the BOP opposes the petition on more than the effective date; it also argues Petitioner is not entitled to the credits.  "Petitioner's claim for earned time credits raises fact-intensive issues . . . Petitioner 'has not completed' any [Evidence Based Recidivism Reduction ("EBRR")]-approved programs or productive activities ('Pas') since his Unit Team completed his risk and needs assessment."  ECF No. 8 at 6.  "Petitioner's

5

risk assessment revealed a 'high' risk for recidivism. On December 1, 2020, Petitioner's risk was re-evaluated and reduced to 'medium.'" Id. at 10. Petitioner argues his case manager intentionally "sabotaged" his case by raising his recidivism risk to medium. ECF No. 10 at 2. He asserts that "[t]he Respondent's position on, the failure to exhaust administrative remedies has already been settled with relief granted . . . in Goodman v. Ortiz stating, 'it is futile', and therefore unnecessary." ECF No. 9 at 1.

Petitioner misunderstands the court's findings in Goodman. There, the court did not need to decide whether Goodman had in fact earned ETC or how much ETC he had earned; the court only needed to resolve when the BOP needed to credit Goodman's sentence with the ETC by interpreting the FSA. Put differently, the BOP agreed that Goodman had earned 120 days of ETC but it did not have to credit Goodman's sentence until January 2022. Petitioner's case is different; the BOP "sharply disputes Petitioner's assertion that he has earned any time credits or that he has completed any BOP-approved program to earn those credits." ECF No. 8 at 14. Petitioner's overall eligibility for ETC credits goes beyond the "narrow dispute" of the date by which the BOP must award credits. Moreover, it is not clear on the record before the Court that Petitioner would be entitled to 360 days of ETC; therefore, requiring exhaustion would not be

6

futile.  As such, the petition is not excused from the exhaustion requirement.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice ...."  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Petitioner has not shown any cause for failing to exhaust and concedes he did not file any formal remedies.  His informal request for staff review only asked for a calculation of credits not the application of credits to his sentence.  See ECF No. 1-1 at 7 ("I am interested in knowing my current Earned Time Credit, dating back to December 21, 2018 to the Present.(?)").  Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice.  See Hayes v. Ortiz, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."), appeal dismissed sub nom. Hayes v. Warden Fort Dix FCI, No. 20-2388, 2020 WL 7873242 (3d Cir. Oct. 7, 2020); Shoup v. Shultz, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Consequently, the calamity - if any — which Petitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement.").  The disputes over

7

Petitioner's recidivism risk score and number of qualifying hours would have benefitted from the BOP's initial review.

The Court will dismiss the petition as unexhausted.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust.  An appropriate order will be entered.


Dated: September 30, 2021          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

8